PER CURIAM.
The prior opinion of this court, reported at 559 So.2d 269 (Fla. 1st DCA 1990), affirmed in part but remanded solely for the judge of compensation claims to rule on claimant’s entitlement to temporary partial disability or wage-loss benefits from May 20, 1987 through the date of hearing. The cause is again before us on appeal from the order below denying claimant benefits. The order sought to be reviewed indicates that although claimant was not provided notice and information regarding job search and wage-loss responsibilities, claimant has returned to her full-time, pre-accident job with the Florida Highway Patrol and, for personal reasons, did not resume off-duty work. The JCC ruled, in pertinent part, as follows:
[Ujnder the circumstances of this case, I do not believe the notice requirement[1] or lack of evidence of a job search are determinative of the issues or entitlement to these benefits. The Claimant testified that she opted for a variety of reasons not to work off-duty after [she] returned to work full time for the FHP in May of 1987. One of these reasons was her desire to stay home with her infant son....
In this case, the lack of a job search for off-duty employment is not the reason justifying the denial of the wage loss benefits. It is the fact that the Claimant elected not to work at a second job for personal reasons. The Claimant has failed to establish any causally related disability or wage loss after May 20, 1989 as a result of her compensable injury. Glades Correctional Inst. v. Bukowski, 528 So.2d 58 (Fla. 1DCA 1988)[.]
Our review of the record shows that this finding is supported by competent, substantial evidence, and accordingly, we affirm the order below.
BOOTH, SMITH and WIGGINTON, JJ„ concur.

. § 440.185, Fla.Stat. Claimant did not receive notice and information as to job search.